## LEONARD NASON *v.* THE WOONSOCKET UNION RAILROAD COMPANY.

Where damages are to be appraised prospectively, and before the road is built, for injuries to land located by a railroad company, it is competent for the company, to prove by experts—*the necessity* upon the company to place a culvert through their embankment, at a particular point, to save their embankment, by way of answer to a claim for damages on account of the prospective stopping up of certain drains at the same point by the embankment of the road, which drains are necessary to free the land of the claimant from water.

In such case, however, the jury should, in the absence of a stipulation, binding the railroad company to construct the culvert, be satisfied that it was *necessary* for the railroad company to build the culvert for their own protection, and not that it was merely the best of two or more plans which they might adopt, the others of which would enable the company to dispense with the culvert, before they acted in the assessment of damages upon the supposition that such a culvert would be constructed.

The company are not estopped from proving such necessity by the fact that the plat of location does not indicate a culvert through the embankment at the point in question; the purpose of such a plat being, to show the course and width of the road, as located, and the names of the owners of the land taken, as far as they can be ascertained, and the quantity of their land taken, and not the mode, in other respects, in which the road will be constructed and protected.

APPEAL from an assessment of damages, made by commissioners appointed by the court of common pleas for the county of Providence, to assess the damages done by the Woonsocket

Union Railroad Company by the location of their railroad, upon and near the land of the appellant.

The appeal was entered at the December term, 1856, of the court of common pleas for the county of Providence, and was there tried before Mr. Justice Sherman, sitting with a jury; and exceptions being taken to his rulings and charge upon the evidence, they were now brought to this court for correction of errors. The position of the case upon the evidence, and the exceptions, are fully stated in the opinion of the court.

*G. H. Browne* for the exceptions.

*S. Ballou & C. Robinson* against them.

BRAYTON, J. The first question which we are called upon to consider arises upon the first exception of the defendants.

The defendants offered to prove by T. Willis Pratt, an engineer, that the railroad could not be constructed on the claimant's land with safety to the road, without providing a culvert under it to carry off the water from his land. This evidence was rejected by the presiding judge, assigning as a reason for its rejection, that no culvert was indicated upon the plat then before the jury; and the question is, whether the evidence was properly rejected, or was relevant to the matter in issue, and ought to have been received.

On looking at the questions which were before the jury, the objects of their inquiry, and the evidence offered by the claimant, and considering the grounds upon which this evidence must have been offered by the defendants, we may, without difficulty, determine this point. The defendants had condemned to the uses of the road, the land of the claimant. This they were empowered to do, under their act of incorporation, upon condition that they should make just compensation for all damages which might accrue to him from the taking his land, and constructing their railroad thereon, and using it for the purposes of the road. To ascertain the amount of this compensation was the matter of inquiry for the jury. The road, at the time of trial, had not been built. The question which the jury had to consider was not what damages had already resulted, but what would probably result to the claimant when the road should be completed. The damages to be ascertained were prospective.

These must depend materially upon the manner in which the road would be constructed; and to come to any satisfactory result, it was a material inquiry what that manner would be; as, without it, there could be no reliable basis for an estimate. How, then, is this manner of building to be determined? . The company have, under their charter, the right to construct their road in such manner as they choose. This is all left to their discretion, to be governed only by their own views of their interest, with the exception of certain restraints, viz: that they shall not obstruct any public way, and shall bridge all running streams. This discretion has, in addition, some necessary limits besides those fixed by their act of incorporation. There may be a necessity as controlling as the most express provision of their charter. The object of the corporation is to construct a railroad which shall be available as a railroad, and for continued use as such. It must, of necessity, be so built as to stand; and be available for continued use, to stand firmly and securely.

The claimant, in putting in the testimony stated in the exceptions, must have assumed it to have been proved that the road would be built, by raising an embankment on his land, since the plat does not indicate the mode of construction. This must either have been obvious to the jury upon their view of the premises, or it must have been proved by testimony offered, that the road might well enough be so built, and that without a culvert, and that it might be so built with safety to the road. It became quite material to the defendants, either to show that it was necessary or proper to raise a bank at that point, and if it were, to show, as they proposed to show by this evidence, that such embankment could not, from the nature of things, stand securely, without culverts under it to carry off the water. If they could succeed in this proof, the jury might presume, that if the embankment was made at all, it would be provided with the necessary culverts, so that the water would be carried off the claimant's land, as effectually as by the drains he himself had constructed.

The counsel for the claimant, at the hearing, put the question, whose duty is it to show the manner in which the road is to be built? and says, the owner cannot, and none but the com-

pany can, and even they may construct it as they choose; and claims, that before the jury should be allowed to presume any particular mode of construction in their favor, the corporation should be required to stipulate with the land owner, that it shall be so built, so that he may have a certain remedy on failure so to construct the road.

. If the matter rested upon the mere intent of the corporation,— their present purpose to construct it in a given mode,—that mode being such as their interest might or might not lead them to adopt, there being no necessity to adopt it, the position of the counsel would be sound and just; and the jury, in such case, ought not to presume that such mode will be used, since the corporation is still left to do just as their interest leads them at the time of building. In such case, the land-owner ought not to be subjected to the risk of any change of purpose in the corporation, but be made secure, in some way, for full compensation. The jury ought to be able to see in the evidence, something to give them the assurance that the intent will and must continue to be carried into execution. Short of this evidence, the corporation ought not to have the benefit of a presumption in their favor, unless they will stipulate with the land-owner, so that he shall be secure of damages, on their failure to carry out the intent which they profess. But when the jury are satisfied from the evidence, that the *necessities* of the company are such as to require a given mode of construction, there is no reason for requiring such stipulation. The proof ought undoubtedly to be strong and conclusive to their minds; but if it be so, more ought not to be required.

Another ground taken by the claimant's counsel for excluding this testimony, is, that it is the opinion merely of the witness that is offered.

It seems the witness offered was an engineer. No question was asked, as to whether he was or was not an expert; and no objection was made to him on that ground. The same witness was examined as to other items of damage, and he gave his opinions without objection. The subject-matter of inquiry, was certainly one as to which the testimony of experts was properly admissible.

Thus far, we have considered this point without reference to the reason assigned for the exclusion of the testimony, viz: that no culvert was indicated upon the plat submitted to the jury.

The plat submitted was a mere transcript of that portion of the plat of location, made by the corporation, which covered the land of the claimant, showing what part was taken for the road, and the relative situation of the residue with regard to the road. It had been furnished to the commissioners of appraisement by the agent of the company, and was returned by the commissioners, with their report, and referred to by them simply for the quantity of land taken. It does not appear. to have been offered before the commissioners or before the jury for any other purpose.

The judge, in his ruling upon the evidence, assumed that the plat was evidence of the manner in which the road would be built; and as no culvert was indicated upon it, it was evidence that the company intended to build none; and that it was conclusive, and estopped the defendant from proving, that, of necessity, the culvert must be constructed. In assuming the plat to be evidence conclusive upon the point, we think the presiding judge erred. The plat on its face does not profess to indicate any thing more than the lines and direction of the road, the quantity of land taken for the road, and, as far as the defendant could learn, the owners of the land taken. It does not profess to show the embankments, excavations, or elevations of any part of the road, passways, bridges, cattle-guards, or culverts, or to show how the road was intended to be constructed with regard to any of them. We do not see, therefore, how this plat could be evidence, either that culverts would, or would not be built. It was, in fact, no evidence either way; and left that point as entirely open as if no plat whatever had been before the jury.

The evidence offered by the defendants ought to have been admitted.

But for this error, it is quite clear, from other parts of the statement of the case, this evidence would have been admitted by the judge; for, in relation to another item of damage claimed by the plaintiff, which was for an injury to his mill by throwing back water upon his wheel by means of a bridge to be erected

across the stream below, evidence of the same character was admitted without objection on the part of the plaintiff. Evidence was submitted on both sides, for the purpose of showing, that the necessities of the company, on the one hand, would lead them so to construct their bridge as not to flow back the water, and, on the other hand, that it might be built so as to subserve the interest of the company, and yet obstruct the flow of water.

This was followed by the charge of the court, in conformity to the views we have expressed in relation to the evidence. The charge to the jury in relation to the bridge was, that as the charter of the company required them to build a bridge over the stream, if it was shown to their satisfaction that the necessities of the company, for the safety of their road, required a bridge of such a span as would make no additional obstruction to the flow of water, they ought to presume it would be so built, and allow no damages on that account; but that the plaintiff was to be subject to no risks; and if the fact was not established to their satisfaction, they ought to presume it would be built like the Douglas turnpike bridge, which proved to be sufficient for the safety of that road.

It is hardly necessary to add, that we deem the charge of the judge as to the culvert to be erroneous, as it was founded upon the same error as that which excluded the evidence; and that he should have charged the jury, that the plat was not evidence of the manner in which the road would be built in respect to culverts ; and that it did not preclude the defendants from proving, or the jury from inferring, the mode in which it would be built in that respect, as the defendants requested.

*New trial granted.*